



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Patricia McLane*
*Assistant United States Attorney*
*Patricia.McLane@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4942*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*



March 8, 2018

Joseph Balter, Esq.
Mt. Washington Mill
1340 Smith Avenue, Ste 200
Baltimore, MD 21209

> Re:   Plea Agreement in the Case of
> *United States v. Michael Lonesome*
> CCB-17-0145

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement being offered to Michael Lonesome ("the Defendant") by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **March 30, 2018**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.     The Defendant agrees to plead guilty to Count Four of the Superseding Indictment now pending against him, which charges him with armed bank robbery by forced accompaniment and a dangerous weapon in violation of 18 U.S.C. § 2113(a), (d), (e) and (f). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.     The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

> a.   That on November 22, 2016, PNC Bank was a federally insured bank;

1

b. That the Defendant took money that belonged to or was in the care, custody, control, management or possession of the bank from the person or in the presence of another;

c. That the Defendant did so by force and violence or by acting in an intimidating manner;

d. That in committing the crime, the Defendant either assaulted another person by the use of a dangerous weapon or put another person's life in jeopardy by the use of a dangerous weapon;

e. That the Defendant forced a person to accompany the Defendant without the person's consent; and

f. That this forced accompaniment occurred during the commission of the bank robbery.

## Penalties

3.        The maximum sentence provided by statute for Count Four is as follows: a minimum sentence of 10 years, and a maximum sentence of 25 years' imprisonment, followed by a term of supervised release not more than five years, and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.        The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial *could* be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

3

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.   The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree, and stipulate to the Statement of Facts in Attachment A, and to the following applicable sentencing guidelines factors:

> a.      Guideline Stipulations

The parties stipulate and agree that the facts enumerated in Attachment A would establish that the Defendant conspired to commit and actually did commit an armed bank robbery of PNC Bank located at 1000 Fleet Street, Baltimore, Maryland, on November 22, 2016. ~~Therefore, pursuant to U.S.S.G. § 1B1.2(c), if the guidelines were calculated for this offense, the guidelines level will be based on the combined offense level for all of the robberies.~~

The parties agree that the **base offense for the robbery is 20** pursuant to U.S.S.G. § 2B3.1(a).

The offense level for the PNC Bank robbery is increased **2 levels** pursuant to § 2B3.1(b)(1) because the property of a financial institution was taken.

During the robbery of the PNC Bank, a person was forced to accompany the Defendant to another location and therefore, **4 levels** are added under § 2B3.1(b)(4)(A).   In addition, a firearm was brandished during the PNC Bank robbery, adding **5 levels** under § 2B3.1(b)(2)(C).

**The adjusted base offense level is 31.**

The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

> b.      Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted

offense level based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the Defendant's **final adjusted offense level is 28.**

7.      Other than as set forth above, this Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, or potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

8.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Rule 11 (c) (1) (C) Plea

9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **300 months' imprisonment** in the Custody of the Bureau of Prisons is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

10.     The parties agree that a sentence of **300 months' imprisonment** is a reasonable and appropriate sentence, taking into consideration the nature and circumstances of the offense, and the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). The parties have also taken into consideration the Defendant's advisory guidelines range, and believe that the agreed sentence, which is an upward departure, is justified in light of the counts dismissed by the Government. The agreed sentencing range is appropriate to provide for a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**Obligations of the United States Attorney's Office**

11.     At the time of sentencing, this Office will recommend the Court impose the agreed-upon sentence of 300 months' imprisonment and dismiss all outstanding counts in the Superseding Indictment.

**Waiver of Appeal**

12.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any sentence greater than 300 months' imprisonment; (ii) and this Office reserves the right to appeal any sentence less than 300 months imprisonment.

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

**Restitution**

13.     The Defendant agrees to the entry of a Restitution Order for the full amount of the victim's loss. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the

Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Obstruction or Other Violations of Law

14.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, along with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Stephen M. Schenning
Acting United States Attorney

By: _____
Patricia McLane
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8-22-18
_____
Date

Michael Lonesome
_____
Michael Lonesome

I am Michael Lonesome's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8-22-18
_____
Date

Joseph Balter, Esq.
_____
Joseph Balter, Esq.
Counsel for the Defendant

8

### Attachment A

### Statement of Facts in Support of Defendant's Guilty Plea

The undersigned parties stipulate and agree if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial:

From at least November 2016 through December 2016, the Defendant, Michael LONESOME, Co-Conspirator #1, Co-Conspirator #2, Co-Conspirator #3 and others, joined in an agreement to rob commercial establishments including a PNC Bank located at 1000 Fleet Street, Baltimore, Maryland. The PNC Bank is headquartered in Pittsburgh, Pennsylvania and its deposits are insured by the Federal Deposit Insurance Corporation. PNC Bank maintained a vault on its premises containing money which was in its care, custody, control and management.

On November 22, 2016, the Defendant and Co-Conspirators #1, Co-Conspirator #2 and at least one other robbed the PNC Bank. The conspirators assaulted a customer who was using an exterior ATM near the front door of the bank, and forced the customer at gunpoint to accompany them into the lobby of the bank. One conspirator held the customer in a headlock and pointed a handgun to the customer's head and at other customers in the bank as a second conspirator vaulted the counter, taking cash from several teller stations and placing the stolen money in a backpack before fleeing the bank.

Other evidence would include the co-Conspirator #3 confession that she had driven the Defendant, Co-Conspirator #1 and Co-Conspirator #2 past the PNC Bank, likely the day before, to scope it out for a robbery. The Government would also produce electronic messages and toll records between the conspirators regarding the PNC Bank robbery. Cell site location data would

show that the Co-Conspirator #1 and Co-Conspirator #2 were at the PNC Bank right around the

time of the robbery.  A witness would testify that Co-Conspirator #2 made rent payments in cash

immediately after the robbery.  Multiple witnesses would testify as to the actions of the Defendant,

the Co-Conspirators and others during the robbery, specifically as to the brandishing of weapons

and property taken.


I have read this Statement of Facts and carefully reviewed it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I agree that each fact is true and could have been proven at trial, and I do not wish to change any part of it.

8-30-18
Date

Michael Lonesome


I am Michael Lonesome's attorney.  I have carefully reviewed every part of this Statement of Facts with him.  He advises me that he understands and accepts it.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8-30-18
Date

Joseph Baffer, Esq.
Counsel for the Defendant